# ZEICHNER ELLMAN & KRAUSE LLP

730 THIRD AVENUE
NEW YORK, NEW YORK 10017
TEL: (212) 223-0400

BRUCE S. GOODMAN
(212) 826-5357
bgoodman@zeklaw.com

WWW.ZEKLAW.COM

June 13, 2025

**BY ECF**

Honorable Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

**Aaron Abadi v. Citibank, N.A.,
Case No. 1:24-cv-08885-JAV**

Dear Judge Vargas,

  As you know, we represent Citibank, N.A. ("Citibank") in this action. Plaintiff's now third letter concerning a non-existent discovery dispute blatantly misrepresents and deliberately misquotes Citibank's email adjourning the meet and confer. We hesitate to burden the Court further but cannot let this misconduct stand unaddressed. Citibank's counsel's email quoted in full is as follows:

> Because you prematurely sought the Court's intervention before our scheduled meet and confer, and have by your letter dated June 12, 2025 advised the Court that it will be "futile" and that "Court intervention is warranted," proceeding with the meet and confer now is neither productive nor appropriate. Accordingly, we are compelled to adjourn today's meet and confer pending the Court's response to the parties' submissions. **We can reschedule the meet and confer after the Court's determination, if appropriate and necessary.**

Plaintiff deliberately omits the bolded, underlined language making clear the meet and confer could be rescheduled. A copy of counsel's email is attached.

  It is troubling that Plaintiff continues to burden the Court with seriatim correspondence when no actual discovery dispute exists. While we understand that Plaintiff is *pro se*, this does not grant him license to make blatant material misrepresentations to the Court.

NEW YORK | CONNECTICUT | NEW JERSEY | WASHINGTON, D.C. | TEL AVIV

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Jeannette A. Vargas
June 13, 2025
Page 2

Consistent with our request in our letter dated June 12, 2025, we respectfully request that the Court direct Plaintiff to agree to enter into Your Honor's Model Confidentiality Order and await Citibank's document production in accordance with Fed. R. Civ. P. 34.

Respectfully submitted,

*Bruce S. Goodman*
Bruce S. Goodman

4917-2185-0701, v. 1

---

The Court has reviewed the correspondence submitted at ECF Nos. 27, 28, 29, 31, and 32. The letters submitted by Mr. Abadi are premature. As set forth in this Court's Individual Rules and Practices in Civil Pro Se Cases, parties must attempt to meet and confer prior to raising a discovery dispute with the Court. As reflected in the correspondence, Plaintiff scheduled a time to meet and confer with Defendant regarding this dispute, then proceeded to file a letter with the Court prior to having that meet and confer. Accordingly, any dispute relating to the objections raised in Defendant's response to Plaintiff's requests for the production of documents or entry of a protective order is not yet ripe for resolution. With respect to Plaintiff's contention that Defendant has violated the Court's order of June 6, 2006, which resolved the letter motion brought at ECF No. 19, the Court ordered Defendant to submit its response to Plaintiff's discovery requests by June 10. It did not order Defendant to produce documents by that date. Rule 34 explicitly allows for documents to be produced with the response, or at "another reasonable time specified in the response." Here, Defendant has stated that it will produce responsive documents on a rolling basis, without providing an anticipated date for the completion of its production. The parties should discuss the timetable for productions as part of the meet and confer process. The Court further notes that Defendant's responses do not comply with Rule 34(b)(2)(C)'s requirement that "an objection must state whether any responsive materials are being withheld on the basis of that objection." Defendant shall amend its responses to comply with this requirement by June 18, 2025. Any meet and confer regarding Defendant's objections shall take place after Defendant serves Plaintiff with the amended responses.

The Clerk of Court is respectfully requested to terminate ECF Nos. 19 and 27.

SO ORDERED.

Dated: June 13, 2025

HON. JEANNETTE A. VARAGAS
UNITED STATES DISTRICT JUDGE

## Bruce Goodman

| | |
|---|---|
| **From:** | Yevgeniy Kats |
| **Sent:** | Friday, June 13, 2025 11:37 AM |
| **To:** | Aaron Abadi |
| **Cc:** | Barry J. Glickman; Bruce Goodman; Aaron Abadi |
| **Subject:** | RE: Discovery Responses and Initial Disclosures (Aaron Abadi v. Citibank, N.A., Case No. 1:24-cv-08885-JAV) |

Good Morning Mr. Abadi,

Because you prematurely sought the Court's intervention before our scheduled meet and confer, and have by your letter dated June 12, 2025 advised the Court that it will be "futile" and that "Court intervention is warranted," proceeding with the meet and confer now is neither productive nor appropriate. Accordingly, we are compelled to adjourn today's meet and confer pending the Court's response to the parties' submissions. We can reschedule the meet and confer after the Court's determination, if appropriate and necessary.

Thank you.

**Yevgeniy Kats, Esq.**
*Associate*



PLEASE NOTE OUR NEW ADDRESS
730 Third Avenue
New York, New York 10017
tel. (212) 826-5335 | fax (212) 753-0396
ykats@zeklaw.com | www.zeklaw.com

NEW YORK | CONNECTICUT | NEW JERSEY | WASHINGTON, D.C. | TEL AVIV

This transmission may contain sensitive and/or privileged information. The sender does not waive any privilege or confidentiality in the event of an inadvertent transmission to an unauthorized recipient. In the event of such a transmission, kindly contact the sender to arrange retrieval. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

ZEK operates in Israel as Zeichner Ellman & Krause P.C.